# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**HELLER BROS. PACKING CORP.,**

    **Plaintiff,**

v.                                                      Case No: 6:18-cv-1668-WWB-DCI

**ILLINOIS UNION INSURANCE COMPANY,**

    **Defendant.**

## ORDER

Before the Court is Plaintiff's renewed motion for entitlement to attorney fees and costs. Doc. 168 (the Renewed Motion).

On May 18, 2023, the Court dismissed this case without prejudice. Doc. 157 (the Dismissal Order). After the Court entered the Dismissal Order, Plaintiff sought attorney fees and costs. Doc. 158 (the Initial Motion). After filing the Initial Motion, Plaintiff filed a notice of appeal as to the Dismissal Order. Doc. 160.

Due to that pending appeal, the Court found that it should defer consideration of the merits of the Initial Motion. Doc. 162 (citing *Founders Ins. Co. v. Cortes-Garcia*, 2013 WL 461731, at *7–8 (M.D. Fla. Feb. 7, 2013) (noting that if an appeal is pending or other issues remain unresolved, the proper procedure is to deny a motion for fees and costs pending a final resolution of the case)). In doing so, the Court found that the issues presented in the Initial Motion and the response thereto were clearly intertwined with the appeal; thus, the Court found that it was without jurisdiction to consider the Initial Motion. Doc. 162 (citing *U.S. v. Diveroli*, 729 F.3d 1339, at 1341 (11th Cir. 2013); Docs. 158 at 11; 159 at 9–14). Alternatively, the Court

found that, even were the issues presented in the Initial Motion not intertwined with the appeal, the Court would still deny the Initial Motion without prejudice to avoid piecemeal consideration. Doc. 162 (citing *Founders Ins. Co.*, 2013 WL 461731, at *7–8). Thus, the Court ordered that "Plaintiff shall file any renewed motion to quantify attorney fees no later than 21 days after the entry of mandate vis-à-vis the appeal." Doc. 162.

On December 13, 2024, the Circuit vacated the judgment, stating that "we vacate the judgment below and remand the case for further proceedings." Doc. 164 at 12. Mandate issued on January 13, 2025. Doc. 166. The docket now reflects that the Dismissal Order is "VACATED." Doc. 157.

On February 3, 2025, Plaintiff timely and in compliance with the Court's order filed the Renewed Motion. Doc. 168. In the Renewed Motion, Plaintiff seeks attorney fees pursuant to Florida Statutes sections 627.428 and 626.9373(1). *Id.* at 8. Plaintiff also seeks taxable costs pursuant to Federal Rule of Civil Procedure 54(d)(1). *Id.* at 12. As argued in the Motion, the statutes allow for recovery of attorney fees in applicable cases for a prevailing party and the Rule allows for recovery of taxable costs for a prevailing party. *Id*. at 10 ("As a result, Heller is the prevailing party and is entitled to recover its reasonable attorneys' fees incurred in prosecuting this lawsuit."); 12 ("Moreover, as the prevailing party in this case, Heller is entitled to an award of costs.").

Yet the issue now is that the Dismissal Order, which is the order deemed a judgment by Plaintiff and upon which Plaintiff relies in arguing that it prevailed, is vacated. Docs. 164; 157 (as now notated as "VACATED"). Accordingly, the operative order deeming Plaintiff a

prevailing party is no longer in effect. As such, the Renewed Motion is premature, though, again, compliant with the Court's previous order concerning timing.[1]

Anticipating this issue, at least in part, Plaintiff included a section in the Renewed Motion arguing that the Renewed Motion is ripe for adjudication. Doc. 168 at 12-13. There, Plaintiff cites to *Arch Specialty Ins. Co. v. Highlands at Hunter's Green Condo. Ass'n, Inc.*, No. 8:19-CV-1971-T-23SPF, 2021 WL 1795557, at *3 (M.D. Fla. Feb. 16, 2021), for the proposition that the remainder of this case is a "wholly separate proceeding" and, such, the Court should determine entitlement to attorney fees and costs up to this point in the proceedings. In *Arch*, the "wholly separate proceeding" was just that—a pending state court action. Here, the proceedings that remain are a part of this action and a part of this case. Thus, *Arch* is inapposite and distinguishable on its facts and procedural history. Further, the Renewed Motion makes no mention of the fact that, unlike in *Arch*, the "judgment" in this case—the Dismissal Order—is now vacated. As such, the Renewed Motion is premature based on the briefing and record before the Court.

Accordingly, the Renewed Motion (Doc. 168) is **DENIED without prejudice**. To the extent either party seeks attorney fees in this case, they must comply with Local Rule 7.01. To the extent a party seeks taxable costs, they must comply with Rule 54(d)(1).

**ORDERED** in Orlando, Florida on June 3, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

---

[1] Given that the Dismissal Order was vacated, it might have been prudent to request an extension of the 21-day deadline to file the Renewed Motion, though no criticism is intended in finding that the issue, at present, is premature.